## Flat Lick Stave Company v. Kinningham.

(Decided October 18, 1910.)

### Appeal from Knox Circuit Court.

Contract—Hauling Staves—Set-off Wrongful Conversion of Timber— Evidence—Instructions.—In an action to recover $178.00, the alleged balance on a contract for hauling staves, the answer admitted an indebtedness of $138.00, and denied the remainder, and alleged a set-off for $500.00 for staves wrongfully taken and converted by the plaintiff. Held, that under the evidence the court should have peremptorily instructed the jury to find for the defendant, on its set-off, the value of the timber appropriated by the plaintiff, and should not have submitted the question whether or not the conversion was wrongful, as plaintiff did not deny that he had manufactured from the timber over 7,000 staves, which he had sold.

JOHN H. WILSON and JAMES M. GILBERT for appellant.

P. D. BLACK, JAMES D. BLACK, B. B. GOLDEN, H. H. OWENS and W. R. BLACK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Reversing.

This action was commenced by appellee, James Kinningham by filing a petition in the Knox circuit court to recover from appellant, Flat Lick Stave Company, one hundred and seventy-eight dollars, balance due him, as

alleged, upon a contract with it for hauling staves. The answer admits an indebtedness to the plaintiff of one hundred and thirty-eight dollars, and denied owing the remainder. In the second paragraph of the answer the defendant alleged as a set-off against the claim of the plaintiff, that, while engaged in the work of hauling staves for it, he had wrongfully and surreptitiously taken ten thousand staves belonging to the defendant and wrongfully converted them to his own use, to the damage to the defendant in the sum of five hundred dollars. The affirmative allegations of the answer were placed in issue by appropriate pleading, and a trial before a jury resulted in a verdict in favor of the plaintiff in the sum claimed in his petition, to-wit, one hundred and seventy-eight dollars. The defendant's motion for a new trial having been overruled, it has prosecuted this appeal for the purpose of reversing the judgment dismissing its answer in so far as it alleged a set-off.

The evidence showed conclusively that the plaintiff had taken timber belonging to the defendant, out of which he had manufactured some seven or eight thousand staves, which he sold to one Jack Asher. He claimed that this timber was given him by R. C. Baker & Brother, who had sawed the staves for defendant under contract with it. The evidence further showed without contradiction that the appellant purchased the timber from George Kinningham, the plaintiff's father, and paid him six hundred dollars for it; that this timber was sawed for appellant by R. C. Baker & Brother under contract, but Baker & Brother had no sort of authority to give the timber of appellant. R. C. Baker denied that he gave any timber to the plaintiff; but, conceding for the purpose of this case, that he did so, he had no authority and his gift conveyed no title to the plaintiff. The court should have instructed the jury peremptorily to find for the defendant on its set-off the value of the timber appropriated by the plaintiff to his own use, and should not have submitted the question whether the conversion was wrongful or not. There was evidence tending to show that the plaintiff had concealed and stolen a lot of the staves, which he was hired to haul for the appellant. This he denied, but he did not deny that he had manufactured from the timber given him, as he claims, by Baker & Brother, something over seven thousand staves, which he had sold to Jack Asher. To the extent of the value of these staves, the appellant was entitled to

a peremptory instruction. And in addition, it was entitled to an instruction that, if the plaintiff had taken and wrongfully converted any other staves belonging to appellant to his own use, they should find for it, in addition, the value of the staves so wrongfully converted.

For these reasons the judgment is reversed for proceedings consistent with this opinion.